

12-UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

D-2 ATTAULLAH ARAIN,
D-3 NADIA ARAIN,
D-4 JUDITH RAGASA,
D-5 REGINALD SMITH,
D-6 RAJAN PATEL, and
D-7 SURENDRA KUMAR,

              Defendants.

_____/

Case No. 12-20603

Hon. Arthur J. Tarnow

VIO:  18 U.S.C. § 1349
       18 U.S.C. § 1347
       18 U.S.C. § 1035
       18 U.S.C. § 2
       18 U.S.C. § 371
       18 U.S.C. § 1956
       18 U.S.C. § 982

**SECOND SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES:

**General Allegations**

At all times relevant to this Second Superseding Indictment:

**The Medicare Program**

1.    The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United States Department of Health and Human Services.

Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.      The Medicare program included coverage under two primary components, hospital insurance ("Part A") and medical insurance ("Part B"). Part A covered physical therapy, occupational therapy, and skilled nursing services if a facility was certified by CMS as meeting certain requirements. Part B of the Medicare Program covered the cost of physicians' services and other ancillary services not covered by Part A. The physical therapy, occupational therapy, and other services at issue in this Second Superseding Indictment were covered by Part A and Part B.

4.      National Government Services was the CMS intermediary for Medicare Part A in the state of Michigan. Wisconsin Physicians Service was the CMS contracted carrier for Medicare Part B, which included home visits, in the state of Michigan. TrustSolutions LLC was the Program Safeguard Contractor for Medicare Part A and Part B in the state of Michigan until April 24, 2012, when it was replaced by Cahaba Safeguard Administrators LLC.

5.      By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing

reimbursement. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors.

6. Upon certification, the medical provider, whether a clinic or an individual, was assigned a provider identification number for billing purposes (referred to as a PIN). When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the PIN assigned to that medical provider. When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

7. Health care providers were given and provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered and providers were required to maintain patient records to verify that the services were provided as described on the claim form.

8. In order to receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using

3

a form, containing the required information appropriately identifying the provider, patient, and services rendered.

9.      A home health agency was an entity that provided health services, including but not limited to skilled nursing, physical and occupational therapy, and speech pathology services to homebound patients.

## The Home Health Agency

10.     Angle's Touch Home Health Care LLC ("Angle's Touch") was a Michigan corporation doing business at 12701 Telegraph Road, Suite 203, Taylor, Michigan 48180. Angle's Touch was a home health agency that purportedly provided in-home physical therapy, occupational therapy, speech pathology, and/or skilled nursing services to patients. Angle's Touch was a Medicare provider and submitted claims directly to Medicare.

## The Physician Business

11.     Home Visiting Physicians was a Michigan corporation doing business as Home Physician Services, P.C. ("Home Physician Services") at 17520 West 12 Mile Road, #109, Southfield, Michigan 48076. Home Physician Services was a Medicare provider and submitted claims directly to Medicare.

4

## The Defendants

12.    ATTAULLAH ARAIN, a resident of Wayne County, Michigan, was the beneficial owner, controller, and manager of Angle's Touch.

13.    NADIA ARAIN, a resident of Wayne County, Michigan, was the owner, controller, and manager of Angle's Touch.

14.    JUDITH RAGASA, a resident of Windsor, in the Province of Ontario, Canada, was a registered nurse employed at Angle's Touch and assisted in the operations of Angle's Touch.

15.    REGINALD SMITH, a resident of Genesee County, Michigan, was a licensed professional nurse who recruited patients for Angle's Touch.

16.    RAJAN PATEL, a resident of Oakland County, Michigan, was a licensed physical therapist employed at Angle's Touch.

17.    SURENDRA KUMAR, a resident of Oakland County, Michigan, was a licensed occupational therapist employed at Angle's Touch.

## Count 1
## Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

### D-2 ATTAULLAH ARAIN
### D-3 NADIA ARAIN
### D-4 JUDITH RAGASA
### D-5 REGINALD SMITH
### D-6 RAJAN PATEL
### D-7 SURENDRA KUMAR

18.     Paragraphs 1 through 17 of the General Allegations section of this

Second Superseding Indictment are realleged and incorporated by reference as

though fully set forth herein.

19.     From in or around July 2010, continuing through the present, the

exact dates being unknown to the Grand Jury, in Wayne County, in the Eastern

District of Michigan, and elsewhere, the defendants, ATTAULLAH ARAIN,

NADIA ARAIN, JUDITH RAGASA, REGINALD SMITH, RAJAN PATEL, and

SURENDRA KUMAR did willfully and knowingly combine, conspire,

confederate, and agree with each other and others, known and unknown to the

Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to

execute a scheme and artifice to defraud a health care benefit program affecting

commerce, as defined in Title 18, United States Code, Section 24(b), that is,

Medicare, and to obtain, by means of materially false and fraudulent pretenses,

representations, and promises, money and property owned by, and under the

6

custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

## Purpose of the Conspiracy

20. It was a purpose of the conspiracy for defendants ATTAULLAH ARAIN, NADIA ARAIN, JUDITH RAGASA, REGINALD SMITH, RAJAN PATEL, SURENDRA KUMAR, and others to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes in the forms of cash payments and prescriptions for narcotics to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for physical therapy and other services; (c) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, and the payment of kickbacks; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## Manner and Means

21. The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

7

22.    NADIA ARAIN, with the assistance of a co-conspirator—her husband, ATTAULLAH ARAIN—would incorporate Angle's Touch, and maintain a Medicare provider number for Angle's Touch to submit Medicare claims for the cost of nursing services, physical therapy, occupational therapy, and other services that were not provided and were not medically necessary.

23.    Co-conspirator physicians, such as Dr. Sonjai Poonpanij ("Dr. Poonpanij"), would refer patients to Angle's Touch for home health care services such as skilled nursing, physical therapy, occupational therapy, and other services, which were billed to Medicare, but which were never provided and were not medically necessary.

24.    ATTAULLAH ARAIN would purchase a building in Flint, Michigan, in which Dr. Poonpanij would see patients and refer them to Angle's Touch for home health care services that were never provided and were not medically necessary.

25.    ATTAULLAH ARAIN, NADIA ARAIN, JUDITH RAGASA, and other co-conspirators would assist in managing the day-to-day operations of Angle's Touch, and would assist Dr. Poonpanij in referring patients to Angle's Touch for home health care services that were never provided and were not medically necessary.

26.    ATTAULLAH ARAIN, NADIA ARAIN, JUDITH RAGASA, and others would offer and provide kickbacks, bribes, and other inducements to beneficiary recruiters, who would themselves offer and provide kickbacks, bribes, and other inducements to Medicare beneficiaries who were purported patients of Angle's Touch.

27.    JUDITH RAGASA and others would offer and pay kickbacks and bribes in the form of cash to Medicare beneficiaries in exchange for their beneficiary information and signatures on paperwork, making it appear that they had received home health services, when in fact, they had not.

28.    REGINALD SMITH and other co-conspirators would receive kickbacks and bribes from ATTAULLAH ARAIN, NADIA ARAIN, and other co-conspirators for each patient they recruited through this kickback scheme. REGINALD SMITH knew the patients he recruited were not homebound and did not need home health services.

29.    ATTAULLAH ARAIN, NADIA ARAIN, JUDITH RAGASA, REGINALD SMITH, RAJAN PATEL, SURENDRA KUMAR, and other co-conspirators would fabricate and falsify medical documents reflecting or supporting purported physical therapy, occupational therapy, skilled nursing, and other services billed to Medicare that were not provided and were not medically necessary.  Those documents included home health certifications and plans of care,

9

visit notes, evaluations, recertifications, discharges, and other records for skilled nursing, physical therapy, and occupational therapy that would be billed to Medicare by Angle's Touch, making it appear that the services had been provided, when in fact they had not, and that they were medically necessary, when in fact they were not.

30.     Angle's Touch would submit claims to Medicare seeking reimbursement for the cost of skilled nursing, physical therapy, occupational therapy, and other services purportedly provided to Medicare beneficiaries by defendants JUDITH RAGASA, RAJAN PATEL, SURENDRA KUMAR, and others that were not, in fact, rendered and were not medically necessary.

31.     ATTAULLAH ARAIN, NADIA ARAIN, JUDITH RAGASA, REGINALD SMITH, RAJAN PATEL, SURENDRA KUMAR, and other co-conspirators would cause Angle's Touch to submit claims to and receive from Medicare over $1.6 million for the cost of physical therapy and other services.

32.     ATTAULLAH ARAIN, NADIA ARAIN, JUDITH RAGASA, REGINALD SMITH, RAJAN PATEL, and SURENDRA KUMAR would transfer and disburse, and cause the transfer and disbursement of, monies from the various corporate accounts of Angle's Touch to themselves and others.

In violation of Title 18, United States Code, Section 1349.

**Counts 2–5**
**Health Care Fraud**
**(18 U.S.C. §§ 1347 and 2)**

**D-2 ATTAULLAH ARAIN**
**D-3 NADIA ARAIN**
**D-4 JUDITH RAGASA**
**D-6 RAJAN PATEL**
**D-7 SURENDRA KUMAR**

33.     Paragraphs 1 through 17 of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

34.     On or about the dates enumerated below, at Wayne County and Genesee County, in the Eastern District of Michigan, and elsewhere, ATTAULLAH ARAIN, NADIA ARAIN, JUDITH RAGASA, RAJAN PATEL, and SURENDRA KUMAR in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

11

### Purpose of the Scheme and Artifice

35.    It was the purpose of the scheme and artifice for the defendants and their coconspirators to unlawfully enrich themselves through the submission of false and fraudulent Medicare claims for home health services that were medically unnecessary and not performed.

### The Scheme and Artifice

36.    Paragraphs 21 through 32 of Count 1 of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution of the Scheme and Artifice

37.    On or about the dates specified as to each count below, in Wayne County and Genesee County, in the Eastern District of Michigan, and elsewhere, the defendants, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said healthcare benefit program:

| Count | Defendant | Medicare Beneficiary | Company Billing | Approximate Date of Service | Description of Items Billed | Approximate Amount Paid by Medicare |
|---|---|---|---|---|---|---|
| 2 | D-2 A. ARAIN<br>D-3 N. ARAIN<br>D-7 KUMAR | AL.W. | Angle's Touch HHC | 7/6/2011 | Physical Therapy, Occupational Therapy, and Skilled Nursing | $8,016.18 |
| 3 | D-2 A. ARAIN<br>D-3 N. ARAIN<br>D-6 PATEL<br>D-7 KUMAR | L.W. | Angle's Touch HHC | 10/18/2011 | Physical Therapy, Occupational Therapy, and Skilled Nursing | $3,089.07 |
| 4 | D-2 A. ARAIN<br>D-3 N. ARAIN<br>D-4 RAGASA<br>D-6 PATEL<br>D-7 KUMAR | W.M. | Angle's Touch HHC | 3/6/2012 | Physical Therapy, Occupational Therapy, and Skilled Nursing | $4,190.84 |
| 5 | D-2 A. ARAIN<br>D-3 N. ARAIN<br>D-4 RAGASA<br>D-6 PATEL | J.P. | Angle's Touch HHC | 10/20/2010 | Physical Therapy, Occupational Therapy, and Skilled Nursing | $4,495.86 |

In violation of Title 18, United States Code, Sections 1347 and 2.

**Counts 6–9**
**False Statements Relating to Health Care Matters**
**(18 U.S.C. §§ 1035 and 2)**

**D-2 ATTAULLAH ARAIN**
**D-3 NADIA ARAIN**
**D-4 JUDITH RAGASA**
**D-6 RAJAN PATEL**
**D-7 SURENDRA KUMAR**

38.     Paragraphs 1 through 17 and 21 through 32 of this Second
Superseding Indictment are realleged and incorporated by reference as though fully
set forth herein.

39.     On or about the dates enumerated below, at Wayne County and
Genesee County, in the Eastern District of Michigan, and elsewhere, the
defendants ATTAULLAH ARAIN, NADIA ARAIN, JUDITH RAGASA, RAJAN
PATEL, and SURENDRA KUMAR in connection with a health care benefit
program and with the delivery of and payment for health care benefits, items, and
services, did knowingly and willfully falsify, conceal, and cover up by trick,
scheme, and device a material fact, and make and use materially false writings and
documents knowing the same to contain materially false, fictitious, and fraudulent
statements and entries.

14

| Count | Defendant | Medicare Beneficiary | Approximate Date of Service | Description of False Statement |
|-------|-----------|----------------------|-----------------------------|-------------------------------|
| 6 | D-2 A. ARAIN<br>D-3 N. ARAIN<br>D-7 KUMAR | AL.W. | 7/6/2011 | Record of Home Health Services |
| 7 | D-2 A. ARAIN<br>D-3 N. ARAIN<br>D-7 PATEL<br>D-8 KUMAR | L.W. | 10/18/2011 | Record of Home Health Services |
| 8 | D-2 A. ARAIN<br>D-3 N. ARAIN<br>D-4 RAGASA<br>D-6 PATEL<br>D-7 KUMAR | W.M. | 3/6/2012 | Record of Home Health Services |
| 9 | D-2 A. ARAIN<br>D-3 N. ARAIN<br>D-4 RAGASA<br>D-6 PATEL | J.P. | 10/20/2010 | Record of Home Health Services |

In violation of 18, United States Code, Sections 1035 and 2.

## Count 10
## Conspiracy to Offer, Pay, Solicit, and Receive Kickbacks
## (18 U.S.C. § 371)

### D-2 ATTAULLAH ARAIN
### D-3 NADIA ARAIN
### D-5 REGINALD SMITH

40.     Paragraphs 1 through 17 of this Second Superseding Indictment are

realleged and incorporated by reference as though fully set forth herein.

41.     From in or around May 2011 and continuing through February 2012,

the exact dates being unknown to the Grand Jury, at Wayne County, in the Eastern

District of Michigan, and elsewhere, the defendants, ATTAULLAH ARAIN,

NADIA ARAIN, REGINALD SMITH, and others did willfully, and knowingly

15

combine, conspire, confederate and agree with others, known and unknown to the
Grand Jury, to commit certain offenses against the United States, that is,

    (a) to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A) by
knowingly and, willfully offering or paying any remuneration (including any
kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash
or in kind in return for referring an individual to a person for the furnishing
or arranging for the furnishing of any item or service for which payment
may be made in whole or in part by Medicare, a Federal health care program
as defined in Title 18, United States Code, Section 24(b); and

    (b) to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A) by
knowingly and willfully soliciting or receiving any remuneration (including
any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in
cash or in kind in return for referring an individual to a person for the
furnishing or arranging for the furnishing of any item or service for which
payment may be made in whole or in part by Medicare, a Federal health care
program as defined in Title 18, United States Code, Section 24(b).

### Purpose of the Conspiracy

    42.    It was a purpose of the conspiracy for defendants ATTAULLAH
ARAIN, NADIA ARAIN, REGINALD SMITH, and others to unlawfully enrich

themselves by offering, paying, soliciting, and receiving kickbacks and bribes in exchange for the use of Medicare beneficiaries' Medicare numbers.

### Manner and Means

43.     The manner and means by which the defendants sought to accomplish the purpose of the conspiracy included, among other things:

44.     ATTAULLAH ARAIN and NADIA ARAIN would own and control a home health agency in Wayne County, Michigan—Angle's Touch—for the purpose of billing Medicare for purportedly providing in home physical therapy, occupational therapy, speech pathology, and skilled nursing services to patients.

45.     REGINALD SMITH would control and operate People Helping People of Detroit ("People Helping People") in Genesee County, Michigan.

46.     ATTAULLAH ARAIN and NADIA ARAIN would enter into a kickback arrangement with REGINALD SMITH and other co-conspirators where REGINALD SMITH and other co-conspirators would recruit patients to Angle's Touch for home health care for which they did not qualify.

47.     ATTAULLAH ARAIN, NADIA ARAIN, and REGINALD SMITH would use a co-conspirator physician to refer patients to Angle's Touch for home health care that was never rendered and not medically necessary.

48.     ATTAULLAH ARAIN and NADIA ARAIN would pay REGINALD SMITH and other co-conspirators per Medicare beneficiary recruited to Angle's

Touch. These payments were made by checks drawn on Angle's Touch's bank account. For REGINALD SMITH, these payments would be made to People Helping People. These checks were in exchange for the recruitment of Medicare beneficiaries to be billed by Angle's Touch for home health physical therapy, occupational therapy, or nursing services.

49.    ATTAULLAH ARAIN and NADIA ARAIN would then bill Medicare through Angle's Touch for home health care services that were purportedly provided to beneficiaries recruited by REGINALD SMITH and other co-conspirators, even though the services were never actually rendered and were not medically necessary.

50.    ATTAULLAH ARAIN and NADIA ARAIN would pay REGINALD SMITH $9,000.00 for Medicare beneficiary recruitment. In exchange for these payments, ATTAULLAH ARAIN and NADIA ARAIN would receive Medicare beneficiaries recruited by REGINALD SMITH to Angle's Touch over a period of several months.

### Overt Acts

51.    In furtherance of the conspiracy, and to accomplish its purposes and objects, at least one of the conspirators committed, or caused to be committed, in the Eastern District of Michigan, the following overt acts, among others:

52.     On or about May 4, 2011, ATTAULLAH ARAIN paid REGINALD

SMITH $1,500.00 by check drawn from the Angle's Touch bank account in

exchange for patient recruiting.

53.     On or about May 31, 2011, NADIA ARAIN paid REGINALD

SMITH $500.00 by check drawn from the Angle's Touch bank account in

exchange for patient recruiting.

54.     On or about August 15, 2011, NADIA ARAIN paid REGINALD

SMITH $2,500.00 by check drawn from the Angle's Touch bank account in

exchange for patient recruiting.

In violation of Title 18, United States Code, Section 371.

## Counts 11–12
### Money Laundering
### (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

### D-2 ATTAULLAH ARAIN

55.     On or about the dates specified as to each count below, in Wayne

County, in the Eastern District of Michigan, and elsewhere, the defendant

ATTAULLAH ARAIN, as specified below, knowingly conducted and attempted to

conduct a financial transaction affecting interstate and foreign commerce, which in

fact involved the proceeds of specified unlawful activity, knowing that the property

involved in the financial transaction represented the proceeds of some form of

unlawful activity, and knowing that the transaction was designed in whole and in

part to conceal and disguise the nature, the location, the source, the ownership, and

the control of the proceeds of specified unlawful activity:

| Count | Amount | On or about Date | Financial Transaction |
|-------|--------|------------------|------------------------|
| 11 | $79,000 | 03/26/12 | Account Transfer from Attaullah Arain bank account #XXXXXX1998 to Active Home Health Care account #XXXXXX9627 |
| 12 | $30,000 | 05/14/12 | Withdrawal from Active Home Health Care account #XXXXXX9627 |

In violation of Title 18, United States Code, Sections

1956(a)(1)(B)(i) and 2.

### Forfeiture Allegations
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;
18 U.S.C. § 982(a)(7)—Criminal Forfeiture)

56.    The above allegations contained in this Second Superseding

Indictment are incorporated by reference as if set forth fully herein for the purpose

of alleging forfeiture pursuant to the provisions of Title 18, United States Code,

Sections 981 and 982, and Title 28, United States Code, Section 2461.

57.    As a result of the violation of Title 18, United States Code, Section

1349, as set forth in this Second Superseding Indictment, defendants

ATTAULLAH ARAIN, NADIA ARAIN, JUDITH RAGASA, REGINALD

SMITH, RAJAN PATEL, and SURENDRA KUMAR shall forfeit to the United

States any property, real or personal, constituting, or derived from, any proceeds

obtained, directly or indirectly, as a result of such violation, pursuant to 18 U.S.C.
§ 981(a)(1)(C) and 28 U.S.C. § 2461.

    58.    As a result of the violations of Title 18, United States Code, Sections
1347 and 2, as set forth in this Second Superseding Indictment, defendants
ATTAULLAH ARAIN, NADIA ARAIN, JUDITH RAGASA, RAJAN PATEL,
and SURENDRA KUMAR shall forfeit to the United States any property, real or
personal, that constitutes or is derived from, gross proceeds traceable to the
commission of such violations, pursuant to 18 U.S.C. § 982(a)(7).

    59.    As a result of the violations of Title 18, United States Code, Sections
1956 and 2, as set forth in this Second Superseding Indictment, defendant
ATTAULLAH ARAIN shall forfeit to the United States any property, real or
personal, involved in said violations, or any property traceable to such property,
pursuant to 18 U.S.C. § 982(a)(1).

    60.    <u>Substitute Assets</u>: If the property described above as being subject to
forfeiture, as a result of any act or omission of the defendants:

        a.    Cannot be located upon the exercise of due diligence;

        b.    Has been transferred or sold to, or deposited with, a third party;

        c.    Has been placed beyond the jurisdiction of the Court;

        d.    Has been substantially diminished in value; or

e.    Has been commingled with other property that cannot be
subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated

by 18 U.S.C. § 982(b) and/or 28 U.S.C. § 2461, to seek to forfeit any other

property of the defendants up to the value of the forfeitable property described

above.

61.    Money Judgment:  A sum of money equal to at least $1.6 million in

United States currency, or such amount as is proved at trial in this matter,

representing the total amount of proceeds obtained as a result of the violations of

18 U.S.C. §§ 1349 and 1347, and representing the total amount involved in the

violations as alleged in this Second Superseding Indictment.

THIS IS A TRUE BILL.

s/GRAND JURY FOREPERSON
Grand Jury Foreperson

BARBARA L. MCQUADE
United States Attorney

s/WAYNE F. PRATT
WAYNE F.PRATT
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-2548
wayne.pratt@usdoi.gov

s/JOHN BORCHERT
JOHN BORCHERT
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 616-3108
john.borchert@usdoj.gov

s/CATHERINE K. DICK
CATHERINE K. DICK
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 538-4049
(313) 226-0230
catherine.dick@usdoj.gov

s/AISLING O'SHEA
AISLING O'SHEA
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 353-9795
aisling.o'shea@usdoj.gov

s/NIALL M. O'DONNELL
NIALL M. O'DONNELL
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 257-3295
(313) 226-9616
niall.odonnell@usdoj.gov

Date:  March 6, 2014

ORIGINAL

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>12-CR-20603 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008    [ ]

| **Companion Case Information** | **Companion Case Number:** 12-CR-20269 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** Victoria A. Roberts |
| ☒ **Yes**        ☐ **No** | **AUSA's Initials:** _NMO_ |

**Case Title:** USA v. Sonjai Poonpanij et al.

**County where offense occurred :** WAYNE COUNTY AND GENESEE COUNTY, MI

**Check One:**        ☒ **Felony**                ☐ **Misdemeanor**                ☐ Petty

_____Indictment/_____Information --- **no prior complaint.**
_____Indictment/_____Information --- based upon prior complaint [Case number:                                    ]
__✓__Indictment/_____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below].*

**Superseding Case Information**

**Superseding to Case No:** 12-CR-20603 _____        **Judge:** Arthur J. Tarnow _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

SEE ATTACHMENT

---

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 6, 2014 _____
Date

NIALL M. O'DONNELL
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(313) 226-9616 or (202) 257-3295
niall.odonnell@usdoj.gov

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.
04/13

# ATTACHMENT TO CRIMINAL CASE COVERSHEET

### U.S. v. Sonjai Poonpanij et al. Criminal Case No. 12-CR-20603

| | |
|---|---|
| **D-2 ATTAULLAH ARAIN** | 18 U.S.C. § 1349<br>8 U.S.C. §§ 1347 and 2<br>18 U.S.C. §§ 1035 and 2<br>18 U.S.C. § 371<br>18 U.S.C. §§ 1956(a)(1)(B)(i) and 2<br><br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461;18 U.S.C. § 982(a)(7)<br>(Criminal Forfeiture) |
| **D-3 NADIA ARAIN** | 18 U.S.C. § 1349<br>8 U.S.C. §§ 1347 and 2<br>18 U.S.C. §§ 1035 and 2<br>18 U.S.C. § 371<br><br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461;18 U.S.C. § 982(a)(7)<br>(Criminal Forfeiture) |
| **D-4 JUDITH RAGASA** | 18 U.S.C. § 1349<br>8 U.S.C. §§ 1347 and 2<br>18 U.S.C. §§ 1035 and 2<br><br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461;18 U.S.C. § 982(a)(7)<br>(Criminal Forfeiture) |
| **D-5 REGINALD SMITH** | 18 U.S.C. § 1349<br>18 U.S.C. § 371<br><br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461;18 U.S.C. § 982(a)(7)<br>(Criminal Forfeiture) |
| **D-6 RAJAN PATEL** | 18 U.S.C. § 1349<br>8 U.S.C. §§ 1347 and 2<br>18 U.S.C. §§ 1035 and 2<br><br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461;18 U.S.C. § 982(a)(7)<br>(Criminal Forfeiture) |
| **D-7 SURENDRA KUMAR** | 18 U.S.C. § 1349<br>8 U.S.C. §§ 1347 and 2<br>18 U.S.C. §§ 1035 and 2<br><br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461;18 U.S.C. § 982(a)(7)<br>(Criminal Forfeiture) |