25

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FILED

NOV 13 2014

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

United States of America,

              Plaintiff,

v.

D-2 Attaullah Arain,

              Defendant.

No. 12-20603

Hon. Arthur J. Tarnow

Offense(s): 18 U.S.C. § 1349
(Conspiracy to Commit Health Care
Fraud)

Maximum Penalty: 10 years and/or
$250,000 fine or twice the gross gain/loss

---

## Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

Attaullah Arain and the government agree as follows:

1. **Guilty Plea**

   A. **Count of Conviction**

   Defendant will enter a plea of guilty to Count One of the Second Superseding

Indictment, which charges Conspiracy to Commit Health Care Fraud in violation of

18 U.S.C. § 1349.

B.     **Elements of Offense**

The elements of Count One, Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, are as follows:

First:      That two or more persons, in some way or manner, came to a mutual understanding to try and accomplish a common and unlawful plan, as charged in the Indictment; and

Second:   That the defendant, knowing the unlawful purpose of the plan, willfully joined it.

C.     **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for the defendant's guilty plea:

Beginning in or about 2008 and continuing through in or about September 2012, defendant Attaullah Arain knowingly and willfully conspired with others to devise a scheme to defraud Medicare, in violation of 18 U.S.C. § 1349. Medicare is a "health care benefit program" of the United States as defined by 18 U.S.C. § 24, and affects commerce.

On or about October 15, 2008, co-conspirator Nadia Arain incorporated Angle's Touch Home Health Care LLC ("Angle's Touch"), a home health care agency located in Taylor, Michigan. Angle's Touch was located in the Eastern District of Michigan and billed Medicare. During the relevant period, defendant Attaullah Arain was a beneficial owner of Angle's Touch. Angle's Touch

2

purported to provide home health care services, which can include physical therapy, skilled nursing, and occupational therapy, to homebound Medicare beneficiaries, and billed Medicare for those services.

Arain wrote checks and provided cash kickbacks to beneficiary recruiters who obtained Medicare beneficiaries' information needed to submit claims to Medicare for home health care services—including physical therapy, skilled nursing, and occupational therapy—that were never rendered and not medically necessary. Further, Arain knew that information in Angle's Touch patient files, which were used to support the false claims to Medicare, falsely documented services as being provided and medically necessary when, in fact, they were not.

Based on false claims that Arain submitted or caused to be submitted, from in or around October 2008 through in or around September 2012, Medicare paid Angle's Touch approximately $952,913.27.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea to the charge against him. It does not include all of the facts known to him concerning criminal activity in which he and others engaged. The defendant makes this statement knowingly and voluntarily and because he is in fact guilty of the crime charged.

3

2.     **Sentencing Guidelines**

    A.     **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    B.     **Agreed Guideline Range**

The parties disagree on the applicability of the following guideline:

      § 3B1.1 — Aggravating Role

The government recommends that the Court determine that defendant's guideline range is 41–51 months, as set forth on the attached worksheets. The government recommends a three-level enhancement for defendant's role as manager or supervisor (but not an organizer or leader) of a criminal activity that involved five or more participants or was otherwise extensive. Defendant recommends that the Court determine that his guideline range is 30–37 months, which represents the guideline range set forth on the attached worksheets but with no enhancement for defendant's role as a manager or supervisor (but not an organizer or leader) of a criminal activity that involved five or more participants or was otherwise extensive. The Court is not bound by either party's recommendation concerning the guideline range, and defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow his recommendation. If the Court finds:

1.  that defendant's criminal history category is higher than reflected on the attached worksheets, or

2.  that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than is recommended by the parties, then the higher guideline range becomes each party's recommended range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in either party's recommended range. Neither party may take a position in this Court contrary to any position of that party reflected on the worksheets or worksheet addendum, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.  **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.      **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B.      **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C.      **Special Assessment**

The defendant will pay a special assessment of $100. The defendant is required to pay the special assessment immediately after sentence is imposed, and provide a receipt to the United States Attorney's Office within 24 hours of sentencing. The defendant is encouraged to voluntarily pay the special assessment before sentencing and bring the receipt to sentencing.

### D.     Fine

There is no agreement as to fines.  The Court may impose a fine on Count One of the Indictment, Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, in any amount up to $250,000, or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(d).

### E.     Restitution

The Court shall order restitution to every identifiable victim of defendant's offense.  The victims and the full amounts of restitution in this case, are as follows:

U.S. Department of Health and Human Services:  $952,913.27

## 4.     Padilla Waiver

Defendant acknowledges that he is not a citizen of the United States, and that his guilty plea in this case may affect or even foreclose his eligibility to remain in this country following the imposition of sentence herein.  Defendant has discussed these matters with his attorney in this case, but he expressly agrees that his decision to plead guilty is in no way conditioned upon or affected by the advice he has been given regarding any potential immigration consequences of his conviction. Defendant further agrees that because his decision to plead guilty in this case is wholly independent of the immigration consequences of a conviction, defendant agrees that he will not seek to challenge his guilty plea in any later proceeding via collateral attack on any basis relating to the immigration consequences of his plea.

7

5.      **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6.      **Exclusion from the Medicare Program and Other Federal Health Care Programs**

The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs.  Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents.  This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

7.      **Other Charges**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.

8

8.    **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

9.    **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds.  If the defendant's sentence does not exceed 51 months, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 41 months the government waives any right it may have to appeal the defendant's sentence.

10.   **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the

9

order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

11.   **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Department of Justice, Criminal Division and the United States Attorney's Office for the Eastern District of Michigan.

12.   **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

10

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

Barbara L. McQuade
United States Attorney

_Wayne F. Pratt_                              _Catherine K. Dick_ for
Wayne F. Pratt                                Catherine K. Dick
Assistant United States Attorney              Assistant Chief
Chief, Health Care Fraud Unit                 Department of Justice
                                              Criminal Division, Fraud Section


                                              _____
                                              Niall M. O'Donnell
                                              John Borchert
                                              Aisling O'Shea
                                              Trial Attorneys
                                              Department of Justice
                                              Criminal Division, Fraud Section

Date:   11/13/14


By signing below, defendant acknowledges that he has read (or been read) this
entire document, understands it, and agrees to its terms.  He also acknowledges that
he is satisfied with his attorney's advice and representation.  Defendant agrees that
he has had a full and complete opportunity to confer with his lawyer, and has had
all of his questions answered by his lawyer.

_____                       _____
Mark Kriger, Esq.                             Attaullah Arain
Attorney for Defendant                        Defendant

Date:   11/12/14


12

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2B1.1 | Base Offense Level | 6 |
| § 2B1.1(b)(H) | Loss over $400,000 | 14 |
| § 2B1.1(b)(10)(C) | Sophisticated Means | 2 |
| | | |
| | | |

### 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| § 3B1.1(a) | Aggravating Role (Organizer or Leader) | 3 |
| | | |
| | | |
| | | |

A-1

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

### 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.



25

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*                  ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.*          ✓

A-2

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

## **WORKSHEET B (Multiple Counts)**

### **Instructions (U.S.S.G. ch. 3, pt. D):**

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

    - assign 1 unit to the Group with the highest offense level,
    - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
    - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
    - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

unit

unit

unit

unit

5. **TOTAL UNITS**

units

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

**6. INCREASE IN OFFENSE LEVEL**

1 unit ⟶  no increase          2 1/2 – 3 units ⟶ add 3 levels
1 1/2 units ⟶ add 1 level      3 1/2 – 5 units ⟶ add 4 levels
2 units ⟶ add 2 levels          > 5 levels ⟶ add 5 levels



**7. ADJUSTED OFFENSE LEVEL OF GROUP
WITH THE HIGHEST OFFENSE LEVEL**

**8. COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.



B-2

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.    PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months (U.S.S.G. §§ 4A1.1(a)):

**3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days (U.S.S.G. §§ 4A1.1(b)):

**2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences (U.S.S.G. §§ 4A1.1(c)):

**1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |

\*      If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*     A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-2

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.



**3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.



**4.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

 0

**5.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

I

C-3

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

# WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   > 25

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   > -3

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   > 22

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   > I

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   

   b. <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal   provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

   

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   > 41-51

   months

D-1

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

**7.** **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum
sentence required by statute is above, the guideline range entered in Item 6,
enter either the guideline range as restricted by statute or the sentence
required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of
conviction is required by statute to be consecutive to the sentence on any
other count of conviction, explain why.



months

D-2

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

## WORKSHEET E (Authorized Guideline Sentences)

**1.  PROBATION**
   a.  Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

[×]   1.  Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]   2.  Probation is authorized by the guidelines (minimum of guideline range = zero months).

      3.  Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b.  Length of Term of Probation (U.S.S.G. § 5B1.2)

[ ]   1.  At least 1 year but not more than 5 years (total offense level ≥ 6)

[ ]   2.  No more than 3 years (total offense level < 6).

   c.  Conditions of Probation (U.S.S.G. § 5B1.3)

**2.  SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

[×]   a.  A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[ ]   b.  A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.  IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

   a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

       1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

      [X]  2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

      3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

      4. The statute of conviction requires a minimum term of supervised release of ▮▮▮▮ months.

   c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

     The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

     1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

     [X]  2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $952,913.27 ▮▮▮▮.

E-2

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐ 5. Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

| <u>Minimum Fine</u> | <u>Maximum Fine</u> |
|---|---|
| $0 | $250,000 |

E-3

| Defendant: | Attaullah Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

**7.  SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100.00        .

**8.  FORFEITURE (U.S.S.G. § 5E1.4)**

[X]  Assets of the defendant will be forfeited.

[ ]  Assets of the defendant will not be forfeited.

**9.  ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

_____

**10.  UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

Rev. 07/13

E-4